IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO LOPEZ, Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> INTERCONTINENTAL CAPITAL GROUP, INC. AND DUSTIN DIMISA <br><br> Defendants. | Case No. <br><br> ECF CASE |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Sergio Lopez, individually and on behalf of all others similarly situated ("Named Plaintiff"), by and through his undersigned counsel, as and for his Class and Collective Action Complaint against Defendants, Intercontinental Capital Group, Inc., and Dustin DiMisa ("Defendants") alleges as follows:

### JURISDICTION AND VENUE

1. Named Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Articles 6 and 19, the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "NYLL"), to recover unpaid earned overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) and as a New York state-law class action under Fed. R. Civ. P. 23(b)(3).

2. Jurisdiction over Named Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff Sergio Lopez ("Lopez") was employed by Defendants as a loan officer at Defendants' office located at 265 Broadhollow Road, Suite 220, Melville, NY 11747 from on or about November 1, 2021 to August 15, 2022. At all relevant times, Lopez was an "employee" as defined by the FLSA, 29 U.S.C. § 203 and New York Wage and Hour Law. Pursuant to 29 U.S.C. §216(b) of the FLSA, Lopez's written consent to become a party plaintiff is attached hereto as Exhibit "A."

6. Defendant Intercontinental Capital Group, Inc. ("IHLC") is a New York corporation with locations in various regions throughout the United States, including its corporate headquarters located at 265 Broadhollow Road, Suite 220, Melville, NY 11747.

7. At all relevant times, Defendant Dustin DiMisa ("DiMisa") was the President and Chief Executive Officer of IHLC. At all times relevant, DiMisa exercised operational control over IHLC, controlled significant business functions of IHLC, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of IHLC in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, DiMisa was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the NYLL, N.Y. Lab. Law §§ 2(6), 651(6), 190(3).

## FACTS APPLICABLE TO THE CLASS AND COLLECTIVE ACTIONS

8. At all relevant times, Defendants have employed loan officers throughout New York (hereafter "Plaintiffs").

9. At all times relevant to this action, Lopez was employed as a loan officer for the benefit of and at the direction of Defendants.

10. At all relevant times, Lopez's primary job duties were to originate mortgage loans for Defendants.

11. These duties primarily included dealing with potential borrowers by telephone and through email transmissions.

12. During his employment, Lopez performed his primary duties for Defendants at their office located at 265 Broadhollow Road, Melville, New York.

13. During his employment, Lopez also performed his primary duties for Defendants from a home office.

14. During this time, Lopez worked Monday through Friday from 9:00 a.m. to 10:30 a.m. and from 11:00 a.m. to 9:00 p.m and Saturdays from 10:00 a.m. to 3:00:00 p.m.

15. During this time, Lopez did not take meal break on Mondays through Fridays or on Saturdays.

16. During his employment, Lopez worked 62.50 hours each week.

17. During his employment, Lopez was paid on a commission only basis.

18. Defendants only paid Lopez when a loan that he worked on closed and funded.

19. Defendants only paid Lopez commissions when a loan that he worked on closed and funded.

20. Defendants failed to make and maintain true and accurate records of all the time worked by Named Plaintiff and other loan officers.

21. Defendants knew or should have known that Named Plaintiff and other loan officers worked in excess of forty (40) hours during each week of their employment.

22. Defendants did not pay Named Plaintiff and have not paid other loan officers' time-and-a-half their regular rates of pay for time worked in excess of forty (40) hours each week.

23. Other loan officers who have worked and still work for Defendants are subject to the same practices and policies to deprive them of overtime wages as the Named Plaintiff.

24. Defendants managed Named Plaintiff's and other loan officers' employment, including the amount of overtime worked. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

25. Defendants' failure to pay proper wages in a timely manner were made without good faith, willful, and with reckless disregard for Named Plaintiff' and other loan officers' rights; and Named Plaintiff and other loan officers have been damaged by such failures.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Named Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following collective:

> All loan officers who worked for Defendants at any time from three (3) years prior to the filing of this action to the entry of judgment who have not been paid overtime wages for all time worked in excess of forty (40) hours in any given workweek (hereinafter "FLSA Class").

27. The similarly situated putative plaintiffs are known to Defendants, are readily identifiable, and may be located through Defendants' records. They may be readily notified of this action, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime wages.

28. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the proposed class.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, ET SEQ.
## <u>FAILURE TO PAY OVERTIME WAGES</u>

29. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

30. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

31. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

32. Named Plaintiff and the FLSA class are individuals engaged in commerce because they regularly communicated with potential borrowers in several states throughout the United States by telephone and email transmissions.

33. At all relevant times, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce.

34. Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendant for the years 2014 to the present has not been less than $500,000.00 each year.

35. At all relevant times, Named Plaintiff and members of the FLSA Class have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

36. Section 207(a)(1) of the FLSA states that an employer must pay its employees overtime equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 in any given workweek.

37. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Named Plaintiff and members of the FLSA Class overtime compensation as required by the FLSA.

38. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to the Named Plaintiff or the similarly situated employees because they have not met the requirements for coverage under the exemptions.

39. Named Plaintiff and members of the FLSA Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime wages.

40. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

41. As a result of Defendants' violations of the FLSA, Named Plaintiff and the members of the FLSA Class have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## NEW YORK CLASS ALLEGATIONS

42. Plaintiff Lopez also seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of himself individually and all other similarly situated employees who worked in New York and who, during the relevant statute of limitations period, have worked as loan officers with respect to the claims pleaded in Counts II, III, and IV of the Complaint.

43. Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if the following elements are met:

(a)      The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b)      There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

(c)      The claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d)      Each representative Plaintiff will fairly and adequately protect the interests of the class; and

(e)      A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definition

44.      Plaintiff Lopez seeks certification of a class consisting of the following individuals:

All loan officers who worked for Defendants in the State of New York at any time from six years prior to the filing of this Action to the entry of judgment who have not been paid overtime wages for all time worked in excess of forty (40) hours in any given workweek (hereinafter the "New York Class").

### Numerosity

45.      Plaintiff Lopez satisfies the numerosity requirements as the proposed class is so numerous that joinder of all members is impracticable.

46.      Members of the proposed class can be identified and located using the Defendants' payroll and personnel records. Class members may be informed of the pendency of this action by direct mail and/or published and broadcast notice.

### Common Questions of Fact or Law

47.      There are questions of fact and law common to each class member and each of the respective classes which predominate over questions affecting only individual members, if any. The questions of fact and law common to each class member and each of the respective classes arising from Defendants' actions include, but are not limited to, the following:

7

(a) Whether Defendants can prove the members of the New York Class were properly classified as exempt;

(b) Whether Defendants can prove that their failure to pay overtime was in good faith;

(c) Whether Defendants' failure to pay overtime was willful;

(d) Whether members of the New York Class worked in excess of forty (40) hours in given workweeks;

(f) Whether Defendants knew or should have known members of the New York class worked in excess of forty (40) hours in given workweeks.

48. The questions set forth above predominate over any questions affecting only individual persons. With respect to considerations of consistency, economy, efficiency, fairness, and equity, a class action is superior to any other available methods for the fair and efficient adjudication of the controversy.

## Typicality

49. Plaintiff Lopez's claims are typical of the claims of the class members. As a result of Defendants' unlawful conduct, Plaintiff Lopez suffered similar injuries as those suffered by other members of the respective class they seek to represent.

## Adequacy

50. Plaintiff Lopez is an adequate representative of the class he seeks to represent because he is a member of the class, and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the class members will be fairly and adequately protected by Plaintiff and his undersigned counsel. Plaintiff has hired competent attorneys who are experienced in class action litigation of this type and who are committed to the prosecution of this Action.

## Superiority

51. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

52. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for each class member to bring individual claims.

53. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT II
## VIOLATION OF THE NEW YORK LABOR ARTICLES 6 AND 19
## FAILURE TO PAY OVERTIME WAGES UNDER THE NYLL

54. Plaintiff Lopez reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

55. At all relevant times, the members of the New York Class were employed by Defendants within the meaning of NYLL §§ 2 and 651.

56. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

57. By the above-alleged conduct, Defendants have failed to pay members of the New York Class overtime compensation as required by the NYLL.

58. The members of the New York Class are not exempt from the overtime provisions of the NYLL, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

59. The members of the New York Class are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the NYLL, has been applied to all members of the New York Class and has deprived them of earned overtime compensation.

60. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

61. As a result of Defendants' violations of the NYLL, members of the New York Class incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

### COUNT III
### VIOLATION OF NEW YORK LABOR LAW SECTIONS 190, 191, AND 198
### FAILURE TO PAY WAGES WHEN DUE

62. Plaintiff Lopez reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

63. Defendants have failed to pay members of the New York Class all wages, including regular wages and commissions, for the hours they worked for Defendants and for the loans that they worked on that closed and funded.

64. Due to Defendants' violations of the New York Labor Law, members of the New York Class are entitled to recover from Defendants unpaid regular wages, unpaid commissions, and reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### COUNT IV
### VIOLATION OF NEW YORK LABOR LAW SECTION 195.1

## FAILURE TO PROVIDE WAGE NOTICE

65. Named Plaintiff reasserts and realleges the allegations set forth in each of the paragraphs above.

66. Pursuant to New York Labor Law Article 6 §195(1), as of April 9, 2011, all employers are required to provide employees with a written statement at the time of hiring notice which lists, inter alia, the rate or rates of pay and basis thereof.

67. Defendants willfully and systematically failed to provide Plaintiff with the required notices or written statements pursuant to New York Labor Law Article 6 §195(1).

68. Accordingly, Named Plaintiff are entitled to recover from Defendants damages pursuant to New York Labor Law Article 6 § 198.

69. Named Plaintiff also seeks injunctive relief precluding Defendants from continued violations of these laws and affirmatively mandating their compliance with the provisions of the New York Labor Law.

## COUNT V
## VIOLATION OF NEW YORK LABOR LAW SECTION 195.3

### FAILURE TO PROVIDE ACCURATE WRITTEN STATEMENTS CONCURRENT WITH THE PAYMENT OF WAGES

70. Named Plaintiff reassert and reallege the allegations set forth in each of the paragraphs above.

71. Pursuant to New York Labor Law Article 6 §195(3), as of April 9, 2011, all employers are required to provide employees with a written statement with the payment of wages which lists, inter alia, the number of regular and overtime hours worked and the overtime rate of pay.

72. Defendants willfully and systematically failed to provide Named Plaintiff with the required notices or written statements pursuant to New York Labor Law Article 6 §195(3).

73. Accordingly, Named Plaintiff are entitled to recover from Defendants damages pursuant to New York Labor Law Article 6 § 198.

74. Named Plaintiff also seeks injunctive relief precluding Defendants from continued violations of these laws and affirmatively mandating their compliance with the provisions of the New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, the Law Offices of Erik H. Langeland, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiffs and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiffs and all others similarly situated for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all loan officers who currently work for or who have worked for Defendants within the last six years of the date of the filing of this Complaint;

B. Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all current and former loan officers employed by the Defendants during the six years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they worked in excess of forty (40) hours in a week during the liability period, for which they were not paid required overtime in accordance with the FLSA and NYLL.

C. Certify this case as a Rule 23 class action under the state law of New York;

D. Declare and find that the Defendants committed one or more of the following acts:

  1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt into this Action;

  2. Willfully violated the overtime provisions of the FLSA;

  3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff Lopez and all New York class members;

  4. Failed to pay wages when due to Plaintiff Lopez and all New York class members in violation of the NYLL;

  5. Failed to provide complete written statements concurrent with the payment of wages to Plaintiff Lopez and all New York class members in violation of the NYLL;

E. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

F. Award liquidated damages;

G. Award interest on all NYLL claims and other compensation due accruing from the date such amounts were due;

H. Award all reasonable attorney's fees and costs incurred;

I. Award punitive damages;

J. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

K. Provide such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury.

Dated: June 16, 2023      Respectfully Submitted,

*/s/ Erik H. Langeland*
The Law Offices of Erik H. Langeland, PC
733 Third Avenue, 16th Floor
New York, New York 10017
(212) 354-6270
(646) 650-2782 fax
elangeland@langelandlaw.com


**ATTORNEYS FOR NAMED PLAINTIFF AND THE PUTATIVE CLASS AND COLLECTIVE**